JUSTICE KOONTZ, dissenting.
I respectfully dissent. I do so because the majority permits the Virginia State Bar Disciplinary Board (the Board) to suspend Robert Allen Williams’ license to practice law in this Commonwealth for a period of six months upon a finding that he failed to fully comply with the terms of an agreed disposition order that is patently impossible to be fully performed as written. In my view, no lawyer should be required to forfeit his or her license to practice law under that circumstance.
As related by the majority, term 2 of the Board’s order under consideration provides, in pertinent part, that “during said year [of June 26, 1998 through June 25, 1999] Mr. Williams shall, at his cost, obtain the services of a certified public accountant who shall provide *268 four quarterly written certifications to the Virginia State Bar that the trust account(s) of Mr. Williams are in compliance with Cannon 9 of the current [Code of Professional Responsibility].” (Emphasis added). Presumably, the majority would have to agree that a certified public accountant cannot conduct a proper and meaningful final audit of a bank account for a specific period of time until that period of time has ended. Thus, in this case, there should be no dispute that it was impossible before June 26, 1999 for Mr. Williams’ accountant to provide “four quarterly” certifications to the Virginia State Bar that Mr. Williams’ trust accounts were properly maintained for the specified year ending on June 25, 1999, as required by term 2 of the Board’s order. To avoid that impossibility, it necessarily must follow that the phrase “during said year” specifies the period within which Mr. Williams was required to obtained the services of a certified public accountant, which he did, and not the period within which that accountant was required to provide the four quarterly certifications regarding Mr. Williams’ trust accounts.
Nevertheless, the majority reasons that because Mr. Williams “made no attempt to have any of the other three quarterly certifications prepared and submitted during [the year in question]” and he “did not submit the required quarterly certifications until over nine months after the end [of that year],” the Board properly exercised its discretion to suspend Mr. Williams’ law license. Clearly, the majority has identified conduct that may be properly characterized as a lack of due diligence by Mr. Williams to timely comply with the “spirit” of the Board’s order, but this reasoning does not resolve the patent defect in the Board’s order. Moreover, for purposes of guidance in resolving future similar cases that may arise, the practicing bar is left to speculate whether a different result would have obtained in this case had Mr. Williams’ accountant provided the Virginia State Bar with one, two, or three certifications “during” the year specified or had he provided all four quarterly certifications within one, twenty, or thirty days after that year ended. That reasonable speculation about what would constitute clear and convincing evidence to establish sufficient cause to explain a failure to comply with a similar order prompts my dissent in this case.
I have no doubt that the Board did not intend to impose an impossible condition upon Mr. Williams by the terms of its order. Nor do I defend Mr. Williams’ attempts to comply with that order. Nevertheless, the record shows that the Board ultimately ensured that Mr. Williams properly maintained his trust accounts for the required *269 one year and, yet, the Board gave little, if any, weight to the defect in its order in determining to suspend his license to practice law for six months. When the record in this case is so viewed, I am of opinion that this suspension was unduly harsh.
For these reasons, I would reverse the decision of the Board in this case.